IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JENCAP INSURANCE SERVICES INC.**                                         **PLAINTIFF**
*formerly known as M.J. Kelly of Arkansas Inc.*

v.                              CASE NO. 4:24-CV-00393-BSM

**TONI FRAZIER INSURANCE AGENCY LLC**                                   **DEFENDANT**

**ORDER**

Toni Frazier Insurance Agency LLC's motion to dismiss is granted and Jencap Insurance Services, Inc.'s complaint is dismissed with prejudice.

I.  BACKGROUND

Frazier helped the owner of a Brinkley motel apply for insurance. *Id.* ¶ 7. M.J. Kelly of Arkansas Inc., now Jencap Insurance Services, Inc., processed the application as agent for Penn-Star Insurance Company. *Id.* ¶¶ 7–8. An inspection identified deficiencies with the motel, and Penn-Star threatened to cancel the policy if they were not addressed by a certain date. *Id.* ¶¶ 9–13. Some time later, the motel burned down and the motel owner filed a claim. Penn-Star denied the claim because the policy had been canceled due to the deficiencies that were not timely addressed. *Id.* ¶¶ 19–20.

The motel owner sued Frazier, Jencap, and Penn-Star in state court for its losses. *Id.* ¶ 21; *Heritage Hospitality v. Penn-Star Ins. Co. et al.*, Case No. 48CV-16-35 (Monroe Cnty. Cir. Ct.). Frazier cross-claimed against Jencap, seeking contribution as a joint tortfeasor. Compl. ¶ 22. The state court granted summary judgment to Jencap on the motel owner's claim and Frazier's cross-claim. *Id.* ¶ 23; Mot. Leave File Reply Ex. 1 at 7, 13 & 19, Doc.

No. 12-1. The motel owner appealed but the appeal was dismissed without prejudice for lack of a final judgment, presumably because the motel owner's claims against other defendants remained. Compl. ¶ 23.

After Jencap was dismissed, Penn-Star brought an indemnity claim against Jencap for any damages awarded against it. *Id.* ¶ 24. Jencap settled with the motel and Penn-Star, and Jencap paid $5 million to the motel owner while Penn-Star contributed $250,000. *Id.* ¶ 25. The settlement also extinguished the motel owner's claims against Frazier. *Id.* ¶ 26. Jencap then filed this lawsuit seeking contribution from Frazier as a joint tortfeasor under the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. 16-61-201 *et seq.* (the "Contribution Act"). *Id.* ¶¶ 34–39. Frazier is moving to dismiss on various grounds.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III.  DISCUSSION

The parties have thoroughly briefed multiple issues, but only one is necessary to resolve this motion.  Jencap's only claim is under the Contribution Act, which applies only to joint tortfeasors.  *Indus. Iron Works, Inc. v. Hodge*, 595 S.W.3d 9, 12 (Ark. Ct. App. 2020) ("According to the [Contribution Act], the right to contribution for the allocation of fault applies only to 'joint tortfeasors.'") (quoting Ark. Code Ann. § 16-61-202(a)).  "Joint tortfeasor" is defined as "two (2) or more persons or entities who may have joint liability or several liability in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."  Ark. Code Ann. § 16-61-201(1).  The state court granted Jencap's motion for summary judgment on the motel's claim because it found that Jencap owed the motel no duty.  *See* Mot. Leave File Reply Ex. 1 at 10; *see also id.* at 16 (explaining that because it owed the motel owner no duty, Jencap was not a tortfeasor and therefore could not be a joint tortfeasor with Frazier).

Jencap is precluded by the state court's ruling from relitigating whether it is a joint tortfeasor with Frazier.  Relitigation of issues is barred when the issues: (1) are the same as those involved in the prior litigation; (2) were actually litigated; (3) were determined by a valid and final judgment; and (4) were essential to the judgment.  *Craven v. Fulton Sanitation Serv., Inc.*, 206 S.W.3d 842, 844 (Ark. 2005).  Whether Jencap was a tortfeasor with respect to the motel (and thus a joint tortfeasor with Frazier) was an issue litigated before and expressly ruled on by the state court and was essential to its order granting summary judgment in Jencap's favor.  Mot. Leave File Reply Ex. 1 at 9–10, 19–27.  Moreover, that

3

order was a valid and final judgment even though it could eventually have been appealed. *See John Cheeseman Trucking, Inc. v. Pinson*, 855 S.W.2d 941, 943 (Ark. 1993) (holding that an order granting summary judgment "is final for purposes of issue preclusion, despite a pending appeal for a review of the judgment . . . ."). Therefore, Jencap may not bring this claim for contribution under the Contribution Act.

## IV. CONCLUSION

For these reasons, the motion to dismiss is granted and Jencap's complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE